UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

KIMBERLY VITTORIO,

      Plaintiff,

v.

IRADIMED CORPORATION,

      Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Iradimed Corporation ("Iradimed"), gives notice of removal of the case styled *Kimberly Vittorio v. Iradimed Corporation, Inc.*, Case No. 2023CA003265, filed in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, on the following grounds:

**I.**     **Removal Is Timely**

Plaintiff Kimberly Vittorio filed her Complaint ("Complaint") on July 26, 2023, in Circuit Court of the Eighteenth Judicial District in and for Seminole County,

Florida with case number 2023CA003265 ("State Action") against sole Defendant, Iradimed Corporation.

Plaintiff asserts that Defendant discriminated against her because of her gender and retaliated against her in violation of the Florida Civil Rights Act ("FCRA"). *See* Complaint attached hereto as **Exhibit A.**

Plaintiff served the Complaint on Defendant on September 25, 2023. This Notice of Removal is timely filed within 30 days from service of process.

Defendant has not responded to the Complaint because of the removal of this action.

This Court has subject-matter jurisdiction over this action based on the diversity of the parties and the amount and controversy pursuant to 28 U.S.C. § 1332

## II. <u>Removal Based on Diversity Jurisdiction Is Proper</u>

Actions brought in state court of which the U.S. district courts have original jurisdiction are removable pursuant to 28 U.S.C. § 1441.

Pursuant to 28 U.S.C. § 1332(a), the district courts have original jurisdiction of all civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. The Parties Are Completely Diverse

#### 1. Iradimed's Citizenship

"A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Iradimed is incorporated in Delaware and its principal place of business is in Florida. *See* Declaration of Jacqueline Carnahan ("Carnahan Decl." attached hereto as **Exhibit B** at ¶¶ 4-5. Thus, Iradimed is a citizen of Delaware and Florida for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).

#### 2. Plaintiff's Citizenship, Residence and Domicile.

Domicile consists of two elements: residency in a state and intent to remain in that state. *See Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989). "The place where a [person] lives is properly taken to be his domicile until facts adduced establish the contrary." *Applebaum v. Citibank, N.A.,* No. 1:12-CV-20080-UU, 2012 WL 12882920, at *1 (S.D. Fla. Apr. 9, 2012) (quoting *District of Columbia v. De Hart,* 314 U.S. 441, 455 (1941)); *Moore v. N. Am. Sports, Inc.,* No. 5:08CV343/RS/MD, 2008 WL 5157502, at *1 (N.D. Fla. Dec. 9, 2008) ("While residence alone is not the equivalent of citizenship, the place of residence is prima facie the domicile."). Accordingly, for jurisdictional purposes, once an individual's domicile is established, that domicile continues until a new domicile is established. *See id.*

There is ample evidence that Plaintiff is not only a resident of New Jersey, but also domiciled in New Jersey. First, Plaintiff states that she is a resident of New Jersey. *See* Exhibit A ¶ 5 ; Exhibit B ¶ 10-11. She does not state anywhere in the Complaint that she left, or intends to leave, the state of New Jersey. *Applebaum*, 2012 WL 12882920, at *1 ("[t]he place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *Moore,* 2008 WL 5157502, at *1 ("While residence alone is not the equivalent of citizenship, the place of residence is prima facie the domicile.").

Plaintiff has a Registered Nurse ("RN") license issued by State of New Jersey that lists her address as Glendora, New Jersey. A copy of the information obtained from the New Jersey Division of Consumer Affairs[1] regarding Plaintiff's nursing license is attached hereto as **Exhibit D.** Plaintiff received the nursing license on July 7, 1999. The license expires May 31, 2025. Thus, Plaintiff is a citizen of New Jersey.

Next, voter registration records from the New Jersey Division of Elections website show that a person with Plaintiff's same name, including the same middle initial and date of birth as found in Plaintiff's employment records, *see* **Exhibit B**, ¶

---

[1] https://newjersey.mylicense.com/verification/Search.aspx?facility=N

9, resides in Camden County, in the City of Gloucester, New Jersey, since February 11, 2005 and is still actively registered to vote in New Jersey.[2]  *See* **Exhibit E.**

This Court may take judicial notice of Exhibits D and E under Federal Rule of Evidence 201(b) because they are public records. Rule 201(b)(1) permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it …can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Such facts include public records from the state departments. *See e.g.*, *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. Appx. 52, *53 (11th Cir. 2006) ("Public records are among the permissible facts that a district court may consider."); *Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC*, No. 6:11—cv-368-Orl-19GJK, 2012 WL 13103015, *6 (M.D. Fla. Jan. 18, 2012) (noting that the court may take judicial notice of public filings such as documentation of state licenses and documents held by the secretary of the state and other state departments).  Moreover, Information on official government websites is appropriate for judicial notice. *Coastal Wellness Centers, Inc. v. Progressive Am. Ins. Co.*, 309 F. Supp. 3d 1216, 1220 n.4 (S.D. Fla. 2018) ("The Court may take judicial notice of government publications and website materials."); *Navelski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1301 n.25 (N.D. Fla. 2017) (courts may take "judicial notice of factual information found on official governmental agency websites.").

---

[2] https://voter.svrs.nj.gov/registration-check/results?firstName=Kimberly&middleInitial=&lastName=Vittorio&dob=06%2F23%2F1974

Based on the foregoing, Plaintiff is a resident of New Jersey and has expressed intent to remain in New Jersey.

Moreover, to be minimally diverse from Defendant, Plaintiff may be a resident of any state except Delaware. There is no evidence that Plaintiff has any connection to the State of Delaware, has a residence in the State of Delaware, or has any intention to become a Delaware resident.

Because Iradimed is a citizen of Delaware and Florida, and Plaintiff is a citizen of New Jersey, complete diversity of citizen exists between the Parties, as required for jurisdiction in this Court. *See* 28 U.S. Code § 1332(a)(1).

### B. The Amount of Controversy Exceeds $75,000

In paragraph 2 of the Complaint, Plaintiff alleges that her claims are in excess of $50,000. However, in the Civil Cover Sheet filed by Plaintiff with her Complaint on July 26, 2023, Plaintiff states that the estimated amount of the claim is between $75,001-$100,000. *See* **Exhibit C.** Therefore, Plaintiff admits that the threshold for diversity jurisdiction has been met. Even if the amount in controversy is not established by the Civil Cover Sheet alone, because the Complaint does not demand a specific sum, Defendant may assert the amount in controversy and need include only a plausible allegation, without evidence in support thereof, that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014); 28 U.S.C. §

1446(c)(2)(A). If Plaintiff challenges removal, Defendant need only show by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum. *Dart*, 574 U.S. at 88–89; 28 U.S.C. § 1446(c)(2)(B).

Courts determine whether the amount in controversy meets the jurisdictional threshold at the time of removal. *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 751 (11th Cir. 2010). District courts may rely upon their "judicial experience and common sense," rather than a plaintiff's self-serving representations that the value of her claims are indeterminate. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010). Indeed, "preventing a district judge from acknowledging the value of a claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case." *Id*. (citing *Pretka.,* 608 F.3d at 766).

The damages Plaintiff alleges in her Complaint are more likely than not, if proven, to exceed $75,000. Specifically, Plaintiff seeks damages for lost wages, including back pay and front pay, compensatory damages, punitive damages, and attorney's fees and costs. See **Exhibit A,** Demand for Relief on pages 8 and 9-10. Plaintiff further specifies that the compensatory damages to which she claims entitlement include "emotional pain and suffering, inconvenience, embarrassment, humiliation, mental anguish and loss of enjoyment of life" *see Id.*, ¶ 60 and "emotional pain , suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress." *see Id.*, ¶ 67.

7

Successful plaintiffs in FCRA actions may be entitled to lost wages, other compensatory damages (such as damages for mental anguish, loss of dignity, and any other intangible injuries), punitive damages (up to $100,000), and attorney's fees. Fla. Stat. § 760.11(5); *Armstrong v. Charlotte County Bd. of County Comm'rs*, 273 F. Supp. 2d 1312 (M.D. Fla. 2003); *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348-49 (11th Cir. 2000); *Bartley v. Starwood Hotel & Resorts Worldwide, Inc.*, No. 07-80637-CIV-RYSKAMP\VITUNIC, 2007 WL 2774250 (S.D. Fla. Sept. 24, 2007) (alleged claims are sufficient to put defendant on notice that jurisdictional minimum is satisfied).

1. **Lost Wages**

Turning to lost wages, back pay is calculated from the time of the adverse employment action through the date of trial, which courts in the Eleventh Circuit typically estimate as anywhere from eight months to two years after the complaint was filed. *See Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14-cv-653-Oc-30PRL, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015) (calculating back pay from termination through estimated trial date of twenty-four months after complaint was filed, along with front pay of one year), *aff'd Wineberger v. RaceTrac Petroleum, Inc.*, 672 F. Appx. 914, 917 (11th Cir. 2016) (approving same). *See also Pope v. 20/20 Commc'ns, Inc.*, No. 8:15-cv-1774-30JSS, 2015 WL 5165223, at *2 (M.D. Fla. Sep. 2, 2015) (back-pay damages calculated through proposed date of trial);

*Hendry v. Tampa Ship, LLC*, No. 8:10-cv-1849-T-30-30TGW, 2011 WL 398042, *2 (M.D. Fla. Feb. 4, 2011) ("Back pay is generally calculated from the date of the adverse employment action to the date of judgment."); *Morgan v. Sears, Roebuck & Co.*, No. 12-60055-CIV, 2012 WL 2523692, at *2 (S.D. Fla. June 29, 2012) (calculating back pay from time of termination through expected trial date, noting that court may use its "judicial experience and common sense" in making that determination); *Penalver v. N. Elec., Inc.*, No. 12-80188-CIV, 2012 WL 1317621, at *3 (S.D. Fla. Apr. 17, 2012) (calculating back pay through the "first possible trial date" approximately ten months after removal); *Messina v. Chanel, Inc.*, No. 10-24518-CIV, 2011 WL 2610521, at *2 (S.D. Fla. July 1, 2011) (including back pay through estimated time of trial eighteen months in the future).

Plaintiff's employment was terminated on November 9, 2020. *See* **Exhibit A, ¶ 52-53** . Therefore, assuming that trial will begin 16 months after Plaintiff filed her Complaint or by November 2024, Plaintiff's back pay will accrue for approximately 5 years between her termination and trial. At an annual salary of $130,000, her back pay claims for the period of time between her termination and trial would total at least $650,000.

Plaintiff's claims for front pay further expand the amount in controversy. Assuming one year of front pay, as Florida district courts do when calculating the amount in controversy, at the $130,000 annual salary she was paid at the time of her

9

termination (*see* **Exhibit B**, ¶8**)**, Plaintiff's claimed front pay damages would total at least $130,000. *See Brown v. Cunningham Lindsey U.S., Inc.*, No. 305CV141J32HTS, 2005 WL 1126670, at *4 (M.D. Fla. May 11, 2005) (crediting back pay from the time of plaintiff's termination through the estimated time of trial and crediting one year of front pay as a conservative measure of potential future lost wages); *Wineberger*, 672 F. App'x at 917 (approving inclusion of one year of front pay in amount in controversy calculation under FCRA); *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1349 (11th Cir. 2000) (affirming district court's award including one year's worth of front pay in discrimination case).

Altogether, Plaintiff's claims for back pay and front pay damages total at least $780,000, which easily exceeds the amount in controversy requirement for diversity jurisdiction.

### 2. Compensatory Damages

District courts also include compensatory damages when calculating the amount in controversy. *See Wineberger*, 2015 WL 225760 at *4, *aff'd Wineberger*, 672 F. Appx. at 917 (including compensatory damages under the FCRA in the range of $5,000 to $30,000 for calculating the amount in controversy); *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985) (including unspecified amount of compensatory damages for "physical and mental pain, physical handicap, impairment of working ability, injuries permanent or continuing in nature, and

medical expenses"); *Bartley v. Starwood Hotel & Resorts Worldwide, Inc.*, No. 07-80637-CIV, 2007 WL 2774250, at *1 (S.D. Fla. Sept. 24, 2007) (finding that complaint "clearly established" amount in controversy based on general allegations of pain, mental anguish, scarring, disfigurement, loss of enjoyment of life, medical expenses, etc.). Given the allegations of emotional pain and mental anguish Plaintiff alleges in her Complaint, her claims for compensatory damages should be valued at approximately $10,000 with respect to the amount in controversy requirement.

      **3.**    **Attorney's Fees**

District Courts also factor attorney's fees into the amount in controversy when, as with Fla. Stat. § 760.11(5), a statutory cause of action entitles the prevailing party to recover reasonable attorney's fees. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000), *cert. denied*, 331 U.S. 957 (2000); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) (same).

Attorney's fees sought in similar employment cases routinely approach or exceed the $75,000.00 threshold. *See Ramsey v. Chrysler First, Inc.*, 861 F.2d 1541, 1544 (11th Cir. 1988) (affirming an award of $68,288 in attorney's fees); *Mingus v. Bellsouth Mobility*, No. CA 99-0296-P-C, 1999 U.S. Dist LEXIS 17082, at *14 (S.D. Ala. Sept. 2, 1999) ("A review of attorney fee awards in just a few cases in the Eleventh Circuit reveals that such awards can be significant in . . . discrimination cases"); *Alshakanbeh v. Food Lion*, No. 3:06-cv-1094-J-12HTS, 2007 U.S. Dist.

LEXIS 20746, at *7 (M.D. Fla. Mar. 23, 2007) (estimate of $40,000 for attorney's fees in employment discrimination case was "conservative").

At a minimum, Plaintiff's claim for attorney's fees should be valued at $40,000.

### III.   All Other Requirements for Removal Have Been Met

1. Pursuant to 28 U.S.C. §1446(a) and Local Rule 3.1(B), the United States District Court for the Middle District of Florida, Orlando Division, are the judicial district and division encompassing Seminole County and the Eighteenth Judicial Circuit, where this case was originally brought, and are therefore the proper district court and division to which this case must be removed.

2. Pursuant to the Local Rules, the state court file and docket sheet are being submitted separately.

3. Pursuant to 28 U.S.C. §1446(d), promptly after the filing and service of this Notice of Removal, Defendant's Notice to Plaintiff of Removal will be served upon the following counsel for Plaintiff via email and a copy will be filed with the Clerk of the Court for the Eighteenth Judicial Circuit.

WHEREFORE, Defendant, IRADIMED CORPORATION, respectfully gives notice of the removal of this action from the Circuit Court for the Eighteenth Judicial Circuit in and for Seminole County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division.

## L.R. 3.01(G) CERTIFICATE

Pursuant to Local Rule 3.01(g), the undersigned counsel for Defendant states that on Friday, October 13, 2023 at 4:57 p.m., she conferred with counsel for plaintiff, Jill S. Schwartz, on the telephone regarding removal and Ms. Schwartz advised that she has no objection to the removal of this matter to federal court.

Respectfully submitted this 16th day of October, 2023.

By: /s/ *Elizabeth M. Rodriguez*
Elizabeth M. Rodriguez
Florida Bar No. 821690
erodriguez@fordharrison.com
Ford & Harrison, LLP
One S.E. 3rd Avenue, Suite 2130
Miami, Florida 33131
Telephone: (305) 808-2143
Facsimile: (305) 808-2101
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of October, 2023, I served a true and correct copy of the foregoing with the Clerk of Court by using the Florida E-Filing Portal, which will serve a copy of this document by electronic notice to the attorneys identified on the following Service List.

/s/ *Elizabeth M. Rodriguez*

## SERVICE LIST

Jill S. Schwartz, Esq.
jschwartz@schwartzlawfirm.net
David H. Spalter, Esq.
dspalter@schwartzlawfirm.net
Jill S. Schwartz & Associates, P.A.
655 W. Morse Blvd., Suite 212
Winter Park, FL 32789
Telephone: (407)647-8911
Facsimile: (407)628-4994
Secondary email: docketing@schwartzlawfirm.net
Secondary email: jtacktill@schwartzlawfirm.net
Attorneys for Plaintiff