IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

KIMBERLY VITTORIO,

        Plaintiff,                          CASE NO.:   **2023CA003265**

vs.

IRADIMED CORPORATION,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kimberly Vittorio (hereafter "Vittorio"), by and through her counsel, hereby files this Complaint and Demand for Jury Trial against Defendant, Iradimed Corporation (hereafter "Iradimed"), and alleges as follows:

### NATURE OF ACTION

1.      This is an action arising from and seeking redress for claims of sex discrimination and retaliation asserted by Smith and Vittorio against Iradimed under the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes (the "FCRA").

### JURISDICTION AND VENUE

2.      The instant suit is a claim for damages in excess of $50,000.00.

3.      This Court has jurisdiction over Plaintiffs' claims pursuant to section 26.012(2)(a), Florida Statutes, section 760.11(4), (5) and (8), Florida Statutes.

4.      Venue is proper in the Eighteenth Judicial Circuit in and for Seminole County, Florida, because the unlawful employment practices and acts that give rise to this action were committed within this judicial district.

1

*** E-FILED:  GRANT MALOY, CLERK OF CIRCUIT COURT SEMINOLE COUNTY, FL 07/26/2023 05:49:47 PM.****

## PARTIES

5.      At all times material hereto, Vittorio was a resident of Camden County, New Jersey.

6.      At all times material hereto, Iradimed was a Delaware corporation doing business in Seminole County, Florida.

7.      At all times material hereto, Iradimed was an "employer" as defined by section 760.02(7), Florida Statutes, because it employed fifteen (15) or more employees in an industry affecting commerce for each working day in each of twenty (20) or more calendar weeks in the year in which the unlawful employment practices took place and the preceding calendar year.

8.      At all times material hereto, Iradimed was the employer of Vittorio.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9.      Vittorio exhausted her administrative remedies under the FCRA by dual filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) within three hundred sixty-five (365) days of the discriminatory conduct alleged in this action.

10.     The FCHR made no determination as to the merits of Vittorio's allegations within the one-hundred eighty (180) day period following the filing of her charge of discrimination.

11.     Vittorio has satisfied any and all administrative requirements precedent to the filing of this action under the FCRA and is permitted to proceed to court pursuant to section 760.11, Florida Statutes.

## FACTUAL ALLEGATIONS

12.     Vittorio was hired as a Clinical Application Director with Iradimed on April 20, 2020.

13.     Vittorio was hired by MaryBeth Smith, Vice President of Worldwide Sales, and Leslie McDonnell, the CEO at that time.

14.     On approximately May 29, 2020, Ms. McDonnell's employment ended, and Roger Susi became the President and CEO of Iradimed.

15.     After a short time of working for Iradimed, Vittorio observed that Iradimed was a white, male dominated company and that she, as well as other female employees, were treated less favorably than their male counterparts.

16.     Mr. Susi discriminated against women and would walk right past a woman to go to the men in the room.

17.     If a man made a suggestion in a meeting, Mr. Susi would say it was "brilliant," and if a woman made a suggestion, she would be ignored.

18.     There were thirteen men and three women in the manager meetings.

19.     Within a short time after Mr. Susi replaced Ms. McDonnell as CEO, Vittorio soon learned that her daily job requirements and long-term goals would be impossible for her to achieve due to a toxic work environment.

20.     Vittorio became concerned about her inability to succeed at Iradimed as a female leader.

21.     During her employment with Iradimed, Vittorio reported to Ms. Smith and was told by several people that her relationship with Ms. Smith was a liability.

22.     Vittorio was held back due to the lack of support from her other direct reports.

23.     The Outlook Iradimed Sales email group consisted of only Kevin Jirka, Ms. Smith's direct report and Marketing Manager; and Mark Magan in IT.

24.    In approximately May of 2020, Vittorio asked to be a part of this email group because she wanted access to the clinical material and customer needs from the incoming emails.

25.    Mr. Jirka failed to add Vittorio to the email group until approximately October, after her repeated requests.

26.    Vittorio was forced to use the inside sales email, which did not go to the sales organization.

27.    Vittorio's emails were frequently ignored, and she would have to ask a man on the Sales Team to obtain a response for her.

28.    Additionally, Mr. Jirka would go behind her back routinely and interfere with her email communication and salesforce data entry to check on what her nurses were and were not doing under her management.

29.    On one occasion, Vittorio was asked to write a clinical piece in layman's terms in the Iradimed internal newsletter, implemented by Ms. Smith.

30.    Vittorio wrote the article, and Mr. Jirka changed the content to spin it differently than what she had written, taking away from her workday to complete the project and presenting an article that was not even hers.

31.    After several months of discriminatory and hostile behaviors by management to undermine her effectiveness with the company, an incident culminated in blatantly sexual discrimination in October 2020.

32.    A Quarterly Sales Review/Budget Meeting ("QSR Meeting") was to take place over a four-day span, from October 12 through October 15, 2020.

33.    Normally, Ms. Smith, Lynn Anderson, who was the Clinical Development Product Director, and Vittorio would be included in this meeting, however, this time they were specifically excluded from a break-out meeting on the afternoon of the second day.

34.    The topic of the meeting in question, which was to be led by Mr. Susi personally, was identified as: Changes at Iradimed: Issues, reactions thoughts and best solutions moving forward.

35.    The topic of the meeting in reality was nearly two hours of Mr. Susi and Mr. Jirka directly undermining Ms. Smith's authority and demeaning the absent females.

36.    Vittorio learned that Mr. Susi did most of the talking to all of the men on the management team.

37.    Mr. Susi had told the men in the meeting that he "f**ked up by hiring Leslie McDonnell," and that "Leslie struck a deal with MaryBeth Smith".

38.    Mr. Susi also went on to say that he should only hire from within and not bring in "outsiders".

39.    Mr. Susi also made the comment that Ms. Smith "is a square peg in a round hold and that he will need to smooth out and chip away at the square".

40.    Mr. Susi was so committed to his rant session that his session continued well beyond the hour slotted so that he could take the men who attended out for drinks, resulting in the male members of Ms. Smith's management team being more than an hour late for a private dinner that had been scheduled for the team later that evening.

41.    During Iradimed's Quarterly Sales Review Meeting, Mr. Susi specifically planned and scheduled a meeting to exclude any female participation.

42.     Mr. Susi then proceeded to insult and demean the absent females for hours to their male colleagues and reports.

43.     Vittorio complained and objected to the discriminatory treatment directed towards her to Kim Carlson, formerly in HR, and Maria Montes, HR Manager, yet nothing changed.

44.     Ms. Vittorio spoke with Kim Carlson in Human Resources approximately 2-3 times and complained about gender discrimination prior to Ms. Carlson's departure from Iradimed in June 2020.

45.     Ms. Vittorio also spoke with Maria Montes, Human Resources Manager, approximately 4-6 times between July and October 2020 and complained about gender discrimination.

46.     Ms. Vittorio was the only female within Iradimed with a Director title.

47.     Once Lynn Anderson learned that Ms. Vittorio had been given a Director title, Ms. Anderson demanded a Director level title for her new role.

48.     After Ms. Anderson retired from Iradimed, there were no longer any females in a Director role.

49.     Additionally, Vittorio was in the room with Ms. Smith while Ms. Smith was on the phone with  Board Member Jim Hawkins, Ms. Smith expressed her objections to that day's QSR meeting and its content.

50.     Mr. Hawkins ended the telephone call with saying that "this conversation never happened."

51.     There were no women on Iradimed's Board of Directors.

52.     Immediately after Iradimed was made aware that Vittorio had retained legal counsel, her employment was terminated.

53.     After Vittorio had put in several hours of work on November 9, 2020, while she was in the process of booking further travel on behalf of Iradimed, her computer access was suddenly severed, thereby serving as notice that her employment had been terminated.

54.     Shortly thereafter, Mr. Susi sent an e-mail to the Sales Team stating that Vittorio had not been fired and that she had resigned, even though this was not true.

**COUNT I: FLORIDA CIVIL RIGHTS ACT OF 1992,
CHAPTER 760, FLORIDA STATUTES
(GENDER DISCRIMINATION)**

55.     Vittorio hereby repeats and realleges the allegations contained in paragraphs 1 through 54 as if fully set forth herein.

56.     Vittorio is, and was at all times relevant to this action, a female, placing her within a protected category (gender) under the FCRA.

57.     Vittorio was, at all times material hereto, qualified to perform and did perform her job duties with Iradimed.

58.     Vittorio was subjected to adverse employment actions because of her gender when, *inter alia*, Iradimed treated her less favorably than other male employees in the terms and conditions of her employment by subjecting her to a hostile work environment, excluding her from a meeting held by Mr. Susi that only included the male members on her team, failing to take any action in response to her complaints of gender discrimination, and then ultimately terminating Vittorio's employment.

59.     Vittorio's gender was a motivating factor that prompted Iradimed to treat other male employees more favorably than Vittorio and ultimately terminate her employment.

60.     As a direct and proximate result of Iradimed's discriminatory actions, Vittorio has incurred, and will continue to incur, economic damages in the form of lost wages and benefits, and

7

other compensable damages in the form of emotional pain and suffering, inconvenience, embarrassment, humiliation, mental anguish, and loss of enjoyment of life.

61.    The actions of Iradimed make reinstatement ineffective as a make-whole remedy, entitling Vittorio to front pay in lieu of reinstatement.

62.    The unlawful employment practices complained of and the actions of Iradimed and/or its agents were willful, wanton, intentional, and committed with malice or with reckless indifference to Vittorio's protected rights, entitling her to an award of punitive damages.

63.    Vittorio has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorneys' fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, Vittorio demands judgment against Iradimed for:

   a. Back pay;

   b. Front pay in lieu of reinstatement;

   c. Compensatory damages;

   d. Punitive damages;

   e. Attorneys' fees and costs of this action pursuant to § 760.11(5), Fla. Stat.; and

   f. Such other relief as this Court deems just and proper.

## COUNT II: FLORIDA CIVIL RIGHTS ACT OF 1992, CHAPTER 760, FLORIDA STATUTES (RETALIATION)

64.    Vittorio hereby incorporates the allegations set forth in paragraphs 1 through 54 by reference.

65.     Iradimed violated the FCRA by retaliating against Vittorio for objecting to the unlawful gender discrimination to which she was being subjected, with such practices constituting unlawful employment practices.

66.     The adverse employment actions suffered by Vittorio were causally related to, and in retaliation for, Vittorio having engaged in the protected activities of complaining about, and objecting in good faith to, unlawful gender discrimination as prohibited by the FCRA.

67.     As a direct, proximate, and foreseeable result of Iradimed's retaliatory actions, Vittorio has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

68.     The actions of Iradimed make reinstatement ineffective as a make-whole remedy, entitling Vittorio to front pay in lieu of reinstatement.

69.     The unlawful employment practices complained of and the actions of Iradimed and/or its agents were willful, wanton, intentional, and committed with malice or with reckless indifference to Vittorio's protected rights, entitling her to an award of punitive damages.

70.     Vittorio has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorneys' fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, Vittorio demands judgment against Iradimed for:

    a.    Back pay;

    b.    Front pay;

    c.    Compensatory damages;

    d.    Punitive damages;

e.    Attorneys' fees and costs of this action pursuant to § 760.11(5), Fla. Stat.;

and

f.    Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all issues so triable as a matter of right.

Date: July 26, 2023.

Respectfully submitted,


s/Jill S. Schwartz
Jill S. Schwartz, Esquire
Florida Bar No. 523021
David H. Spalter, Esquire
Florida Bar No. 0966347
Jill S. Schwartz & Associates, P.A.
655 W. Morse Blvd., Suite 212
Winter Park, Florida 32789
Telephone: (407) 647-8911
Facsimile: (407) 628-4994
E-mail: jschwartz@schwartzlawfirm.net
E-mail: dspalter@schwartzlawfirm.net
Secondary E-mail: docketing@schwartzlawfirm.net
Secondary E-mail: jtacktill@schwartzlawfirm.net
Attorneys for Plaintiff